IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAVIS WRIGHT,

      Plaintiff,

vs.                             No. CV 17-00953 KG/LF

WARDEN BOWEN, WARDEN HATCH,
GREG MORRIS WARDEN, MAJOR
MONTOYA, SEC. GREG McCENTILE,
FIRE & SAFETY MS. EARPP,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) and on the Complaint for Violation of Civil Rights filed by Plaintiff, Shavis Wright. (Doc. 1). The Court will dismiss Plaintiff Wright's Complaint for failure to state a claim, but will grant Wright leave to file an amended complaint.

### Factual and Procedural Background

Plaintiff Shavis Wright filed his Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. (Doc. 1 at 3). Plaintiff Wright alleges he is bringing suit against "Federal officials (a *Bivens* claim)" and "State or local officials (a § 1983 claim)." (Doc. 1 at 3). Wright names, as Defendants, Wardens Bowen, Hatch, and Morris, corrections officer Major Morris, fire and safety director Ms. Earpp, and Secretary of Corrections Greg McCentile (sic).[1] Wright claims:

> "Each & Every individual is employed by GEO, DOC as administrators and officers and in their individual capacity challenges confindment or conditions or matters other than sentence or order of confindment . . .

---

[1] Although it is unclear from the Complaint, Plaintiff Wright appears to be referring to former New Mexico Secretary of Corrections, Gregg Marcantel.

1

> Cruel & unusual punishment, dibliberant indifference American
> Disability Act, CD, DOC, ACA, Handicap Access, State & Fed
> Law, civil rights violations Equal protection of the law 28 USC 1981.97."

(Doc. 1 at 5) (errors in the original). His Complaint identifies three counts: 1) "Subject to Cruel & unusual punishment" ; 2) "Violation of Disability, Americans Disability Acts, Handicap Acts"; and 3) "Deliberant Indifferences, civil rights Race, Creed, Color." (Doc. 1 at 6-7).

For the nature of his case, Wright states:

> "I was housed here at NENMDF Contracted through NMDOC on or
> about 6-26-16. I had medical episode AKA (stroke) that was diagnosed
> with DOC Medical & GEO Medical providers & UNMH as a result;
> was clearly an in accordance with State & Fed law also American
> Disability Act DDC, CO, ACA, policies as definded in all definitions
> pretaining too Handicap individuals. Most notiably i was physically,
> mentally, impaired with limited access ability, impairlization on whole
> right side my equalibrium was affected causing DOC, GEO to issue me a
> Medical device aka (Walking Cane) Due to all the above mentions
> Diagnoses and appearances yet when it came to policies & rights DOC,
> GEO subject me to the all above mentions Civil rights violations I filed
> grievances notifying Fire & Safety Sanitation, Filed informal Complaints
> about mishandling of Security Issues this has nothing to do with any GEO,
> Medical providers only mistreatment by security."

(Doc. 1 at 5) (errors in the original). Wright attaches a "Summary of Facts" to his Complaint, detailing an incident involving a leaky roof in his cell. (Doc. 1 at 11). In his Summary of Facts, Wright identifies two individual officers, C.O. Ms Story and Lt Griffin, who were notified of, investigated, and photographed the damage. (Doc. 1 at 11). The references to non-parties, C.O. Story and Lt Griffin, are the only allegations in the Complaint regarding acts or omissions by any specified individual. Plaintiff Wright seeks both damages and injunctive relief:

> "Defendant would ask this Honorable Court for a judgement in the amount
> to be determine by the Courts in monetary, compensatory punitive
> damages and DOC be ordered to come into compliance with DDC, CD,
> ACA, American Disability Act State & Fed guidelines pertaing to
> treatment, access abitity related to any and all physically impaired
> individuals and that each individual be provided with any Med device
> such as Wheel Chairs, Canes, prostelic devices, and any other to

> be included Handicap rooms and all fashion and manner to comply
> with American Disability Act and any other relief this court deems
> just & appropriate."

(Doc. 1 at 8) (errors in the original).

*1. Standards for Failure to State a Claim*

Plaintiff Wright is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Americans With Disabilities Act. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *see also Hall v. Bellmon,* 935

F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

*2. Wright's Complaint Fails to State a Claim for Relief*

Plaintiff Wright seeks relief under 42 U.S.C. § 1983. Section 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution against state officials.

4

*See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and the violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Nor do generalized statements that defendants caused the deprivation of a constitutional

5

right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff Wright's Complaint contains no allegations of *any* actions by any of the named individual Defendants, much less individualized actions that violated Wright's constitutional rights. His Complaint contains nothing more than extremely vague and confusing statements regarding cruel and unusual punishment, violation of disability rights, deliberate indifference, and civil rights race, creed, and color claims. (Doc. 1 at 5-7). The Court concludes that the vague allegations of Plaintiff's Complaint fails to state any plausible claim for relief under § 1983. *Twombly*, 550 U.S. at 555; *Iqbal,* 556 U.S. at 676.

Plaintiff further claims to be proceeding under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1 at 3). *Bivens* provides a cause of action against federal governmental officials for violation of civil rights equivalent to the cause of action under § 1983 against state officials. *See Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam). However, there is no federal official identified anywhere in Plaintiff Wright's Complaint. The Complaint fails to state any claim for relief under *Bivens*.

Plaintiff Wright also makes references to the "Americans Disabilities Act" and "Handicap Acts." (Doc. 1 at 2, 11). The civil rights laws, 42 U.S.C. § 1981a, provides a damages remedy for intentional violation of the ADA. In order to state a claim under the ADA, a plaintiff must allege (1) that he is a qualified individual with a disability; (2) that he was "either excluded from participation in or denied the benefits of some entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and (3) "that such exclusion, denial of benefits, or discrimination was by reason" of his disability. *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016). Assuming that Wright's allegations regarding a stroke (Doc. 1

6

at 5) are sufficient to establish that he is a qualified individual with a disability, his Complaint fails to factually allege that he was excluded from participation in or denied benefits of an entity's service, programs, or activities, or was otherwise discriminated against by a public entity. Wright's generalized references to the "Americans Disabilities Act" and the "Handicap Acts" are wholly insufficient to state any claim for relief under § 1981a or the ADA. *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d at 1295.

### 3. Wright is Granted Leave to File an Amended Complaint

The Complaint is factually insufficient and fails to state any claim for § 1983, *Bivens*, or ADA relief. *Twombly,* 550 U.S. at 570. The Court will dismiss the Complaint and will grant Wright the opportunity to file an amended complaint specifying individuals, the individualized actions, and how Wright claims those actions resulted in violation of constitutional rights. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings). The amended complaint must state the facts of each separate claim and why Plaintiff believes Plaintiff's constitutional rights were violated. Wright should include names of individual defendants and their official positions, a description of their individual actions, and relevant dates, if available. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. If Plaintiff seeks to pursue a claim for violation of the ADA, he must specify facts showing that he was excluded from participation in or denied benefits of an entity's service, programs, or activities, or was otherwise discriminated against by a public entity. *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d at 1295.

IT IS ORDERED:

(1) Complaint for Violation of Civil Rights filed by Plaintiff Shavis Wright (Doc. 1) is DISMISSED for failure to state a claim on which relief can be granted; and

(2) Plaintiff Wright is granted leave to file an amended complaint within thirty (30) days of entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE