IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAVIS WRIGHT,

        Plaintiff,

vs.                                                                                        No. 17-cv-00953-KWR-LF

WARDEN BOWEN, WARDEN HATCH,
GREG MORRIS WARDEN, MAJOR
MONTOYA, SEC. GREG McCENTILE,
FIRE & SAFETY MS. EARPP,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) on the Amended Claims and Complaint filed by Plaintiff Shavis Wright (Doc. 14) ("Amended Complaint"). The Court will dismiss the Amended Complaint without prejudice for failure to comply with a Court Order.

On November 15, 2019, the Court dismissed Plaintiff Wright's Complaint without prejudice for failure to state a claim on which relief can be granted. (Doc. 13 at 4-7). The Court also granted Plaintiff Wright leave to file an amended complaint to remedy the defects in his pleading. (Doc. 13 at 7-8). The Court set a deadline of 30 days for Wright to file the amended complaint. (Doc. 13 at 8).

Because December 15, 2019 was a Sunday, the deadline for Wright to file his amended complaint was Monday, December 16, 2019. Wright's Amended Complaint was not received by the Court until Wednesday, December 18, 2019. (Doc. 14). Wright did not seek an extension of time to file the Amended Complaint, nor did he request leave to file the Amended Complaint after

1

the deadline.  The Amended Complaint does not include any certificate of mailing and does not contain any statement, declaration, or certification in compliance with the prison mailbox rule.

Wright's Amended Complaint is untimely unless it was mailed in compliance with the prison mailbox rule.  To obtain the benefit of the prison mailbox rule, the prisoner mandatorily must comply with the requirements of the rule. *United States v. Smith,* 182 F.3d 733, 734 n. 1 (10th Cir.1999).  The prison mailbox rule was adopted by the Supreme Court in *Houston v. Lack,* 487 U.S. 266, 276 (1988).  As the Court held in *Houston v. Lack*, a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents. *See also* Fed. R. App. P. 4(c)(1). The mailbox rule has clearly been extended to inmate 42 U.S.C. § 1983 filings, including the filing of a civil rights complaint.  *See Price v. Philpot,* 420 F.3d 1158, 1163-1166 (10th Cir. 2005).

An inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having "filed" that complaint on the date it is given to prison authorities for mailing to the court. *See Houston,* 487 U.S. at 276.  However, in order to obtain the benefit of the rule, the inmate mandatorily must attest that such a timely filing was made. *See United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143 (10th Cir. 2004).  Plaintiff must establish the date on which he or she gave the papers to be filed with the court to a prison official in one of two ways. *Id.* at 1144–45.

First, if the prison has a legal mail system that records the dates of submission and mailing of inmate mail, then the prisoner must use it as the means of proving compliance with the mailbox rule. *Id.* at 1144; *see also United States v. Leonard,* 937 F.2d 494, 495 (10th Cir.1991).  The second mechanism for establishing a filing date for purposes of the mailbox rule must be used if the inmate does not have access to a legal mail system—or if the existing legal mail system is inadequate to

satisfy the mailbox rule. In either of these circumstances, the "mandatory method by which a prisoner ... proves compliance with the mailbox rule" is to "submit a declaration that meets the requirements of 28 U.S.C. § 1746 or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." *Ceballos–Martinez,* 387 F.3d at 1145; *United States v. Smith,* 182 F.3d 733, 735 n. 1 (10th Cir.1999). An inmate, then, must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid. *Ceballos–Martinez,* 387 F.3d at 1144–45.

This is the sixth case Plaintiff Wright has filed with the Court. *See Wright v. Bravo,* No. CV 13-00429 JCH/CG; *Wright v. Bravo,* No. CV 10-00736 JCH/CG; *Wright v. Hatch,* No. CV 17-00392 MV/GJF; *Wright v. Hatch,* No. CV 17-00519 MV/GJF; *Wright v. Jablonski,* No. CV 17-00409 WJ/KBM. Plaintiff Wright is not unfamiliar with court rules and procedures. Plaintiff Wright's Amended Complaint was received by the Court after the deadline for submission under the Court's November 15, 2019 Order. The Amended Complaint does not include any proof that Wright used a prison legal system, nor did Wright submit a statement of declaration under penalty of perjury as to the date he submitted the Amended Complaint to prison authorities or that postage was prepaid. *See* Doc. 14. Nor does Wright's February 21, 2020 letter include any statement or declaration that would comply with the requirements of the prison mailbox rule. (Doc. 16). Wright's filing does not comply with the requirements necessary to invoke the benefit of the prison mailbox rule. *Ceballos–Martinez,* 387 F.3d at 1144–45; 28 U.S.C. § 1746.

Plaintiff Wright's Amended Complaint was not filed within 30 days as required by the Court's November 15, 2019 Order (Doc. 13).The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with statutes, the rules of civil procedure, local rules, or court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will dismiss this case for Plaintiffs' failure to comply with the Court's November 15, 2019 Order. The Court notes that the alleged date of the occurrence for Wright's claims is October 2018 and, therefore, he is arguably still within the statute of limitations for filing his claims. *See Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). Therefore, the Court will dismiss the Amended Complaint without prejudice to Wright's instituting a new proceeding by filing a new complaint.[1]

**IT IS ORDERED** that the Amended Claims & Complaint filed by Plaintiff Shavis Wright (Doc. 14) is **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to comply with the Court's November 15, 2019 Memorandum Opinion and Order.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[1] Wright's original Complaint alleged 2016 events, but his Amended Complaint raises 2018 claims. (Doc. 1 at 6; Doc. 14 at 2). The Court also notes that Plaintiff Wright, through counsel, brought related claims in New Mexico state court. Those claims were resolved and dismissed with prejudice by stipulation of the parties. *See Wright v. Centurion Correctional Healthcare of New Mexico LLC,* No. D-1314-CV-2017-01064.